THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| CALEB R. GIBSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>VOA SALT LAKE CITY; BRANDY CHACON; MARIA SOCORRO VALDEZ; NICKIE LNU (DIRECTOR); ANNA L. BEERS,<br><br>　　　　Defendants. | REPORT AND RECOMMENDATION<br><br><br>Case No. 2:23-cv-00155-HCN-JCB<br><br><br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Caleb R. Gibson's ("Mr. Gibson") complaint.[2] Mr. Gibson has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court reviews the sufficiency of Mr. Gibson's complaint under the authority of the IFP Statute. Based upon the analysis set forth below, the court recommends that District Judge Howard C. Nielson, Jr. dismiss this action with prejudice.

## BACKGROUND

Mr. Gibson's complaint names as defendants VOA Salt Lake City, Brandy Chacon, Maria Socorro Valdez, Nickie LNU (Director), Anna L. Beers, and Clients at VOA (collectively,

---

[1] ECF No. 8.

[2] ECF No. 4.

[3] ECF No. 3.

"Defendants").[4] Mr. Gibson's complaint contains the following allegations in support of his claims:

- "[Mr. Gibson] was being targeted . . . in the VOA and some played along with and even poisoned [Mr. Gibson] through the food."[5]
- "[Mr. Gibson's] civil rights [were] violated daily by taking feed through the I.P. web cam[eras]."[6]
- "Through the I.P. web cam[era] you can see who poisoned [Mr. Gibson] and that [Mr. Gibson] was sick for several days after [Maria Socorro Valdez] said something about someone dumping cleaner in someone[']s drink."[7]

Based upon these allegations, Mr. Gibson brings suit against Defendants under 42 U.S.C. § 1985 for allegedly violating his "civil rights" and because he "was poisoned by staff that works in the [VOA] kitchen."[8]

## LEGAL STANDARDS

To review Mr. Gibson's complaint under the authority of the IFP Statute, this court must consider two legal standards. First, the court considers the law pertaining to failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6). Second, the court considers the legal standards relating to frivolous claims. Each legal standard is set forth below.

---

[4] ECF No. 4 at 1-3.
[5] ECF No. 4 at 3.
[6] ECF No. 4 at 3.
[7] ECF No. 4 at 4.
[8] ECF No. 4 at 4.

I.  **Failure to State a Claim**

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[9] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[10] Under that standard, the court "look[s] for plausibility in th[e] complaint."[11] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[12]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[13] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[14] "Threadbare

---

[9] 28 U.S.C. § 1915(e)(2)(B)(ii).

[10] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[11] *Id*. at 1218 (quotations and citations omitted) (second alteration in original).

[12] *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

[13] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (citations omitted) (alteration in original).

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[15] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the claims against him.[16] The twin purposes of a complaint are to give the opposing party fair notice of the basis for the claims against him so that he may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[17]

In analyzing Mr. Gibson's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[18] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[19] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[20] Indeed, as the Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's

---

[15] *Id.*

[16] *Twombly*, 550 U.S. at 555.

[17] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989).

[18] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g., Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[19] *Bellmon*, 935 F.2d at 1110.

[20] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[21]

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give him an opportunity to amend."[22]

## II. Frivolousness

The IFP Statute also permits the court to dismiss a plaintiff's complaint if its allegations are frivolous.[23] As to frivolousness under the IFP Statute, the United States Supreme Court has stated that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact. . . . [The IFP Statute]'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."[24] In fact, the Court said that the IFP Statute

> accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist . . . . Examples of the latter class are claims describing fantastic or delusional scenarios . . . .[25]

---

[21] *Bellmon*, 935 F.2d at 1110 (citations omitted).

[22] *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

[23] 28 U.S.C. § 1915(e)(2)(B)(i) (providing that under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . is frivolous").

[24] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[25] *Id*. at 327-28; *see also Bellmon*, 935 F.2d at 1108-10.

ANALYSIS

Mr. Gibson's complaint should be dismissed because it (I) fails to state a claim upon which relief can be granted and (II) is frivolous. Each reason for dismissing the complaint is addressed in order below.

I. **Mr. Gibson's Complaint Fails to State Claims Upon Which Relief Can Be Granted.**

After reviewing Mr. Gibson's complaint, the court concludes that all the factual allegations therein are conclusory in nature and, therefore, fail to satisfy the minimum pleading standards required under Rule 8(a)(2) and Rule 12(b)(6). Mr. Gibson fails to make any specific, intelligible allegations about Defendants' alleged actions. Instead, he makes only conclusory allegations that he was "targeted," "poisoned," and that "feed [was taken] through the I.P. web cam[eras]"[26] devoid of any factual support or enhancement. Mr. Gibson's claim for being "poisoned by staff that works in the kitchen"[27] is not a recognized cause of action and, therefore, must fail. Further, Mr. Gibson's other claim of "civil rights" violations under 42 U.S.C. § 1985 fails because his complaint is devoid of any facts to support a claim of conspiracy against Mr. Gibson. Moreover, the court cannot tell—despite applying a liberal reading to Mr. Gibson's allegations—whether he is pleading a claim based on subsections 1, 2, or 3 of section 1985.

Having reached that conclusion, the court again recognizes that it may dismiss Mr. Gibson's complaint for failure to state claims upon which relief can be granted only if "it is obvious that [he] cannot prevail on the facts he has alleged[,] and it would be futile to give him

---

[26] ECF No. 4 at 3-4.

[27] ECF No. 4 at 4.

an opportunity to amend."[28] The court concludes that it would be futile to provide Mr. Gibson with an opportunity to amend his complaint because, given the analysis set forth above, Mr. Gibson could not provide any additional, plausible allegations that would save any of his claims from dismissal.

## II. Mr. Gibson's Complaint Is Frivolous.

The court also concludes that Mr. Gibson's complaint is frivolous. As noted above, the IFP Statute's term "frivolous" includes complaints that contain "fanciful factual allegation[s]"[29] that "rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[30] The term "frivolous" also includes complaints containing "claims of infringement of a legal interest which clearly does not exist."[31] Based upon the foregoing summary of Mr. Gibson's complaint, the court concludes that it falls squarely within those two categories. Therefore, his complaint should be dismissed as frivolous under the IFP Statute.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing analysis, the court HEREBY RECOMMENDS that this action be DISMISSED WITH PREJUDICE. Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[32] The parties must file any

---

[28] *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

[29] *Neitzke*, 490 U.S. at 325.

[30] *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[31] *Neitzke*, 490 U.S. at 327.

[32] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

objections to this Report and Recommendation within fourteen days after being served with a copy of it.[33] Failure to object may constitute waiver of objections upon subsequent review.

    IT IS SO ORDERED.

    DATED this 25th day of April 2023.

BY THE COURT:

_[signature]_

JARED C. BENNETT
United States Magistrate Judge

---

[33] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).